IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CRIM. NO. 08-378 (GAG)

AMARO-RODRIGUEZ, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Presently before the court is defendant Gerardo Amaro-Rodriguez's motion to supress evidence (Docket No. 117), to which defendant Cristobal Baez-Roman has requested joinder and reconsideration of the court's previous ruling regarding standing (Docket No. 125). For the reasons set forth herein, both motions (Docket Nos. 117 & 125) are **DENIED**.

As stated in this court's previous ruling, in order to establish that their Fourth Amendment rights were violated, the moving defendants have to demonstrate that they had an individual, subjective, as well as legitimate expectation of privacy in defendant Amaro's vessel, including the place where the evidence was seized. See Docket No. 111 at 1 (citing Katz v. United States, 389 U.S. 347, 351 (1967)). Thus, in order to make a showing of a legitimate expectation of privacy in the area searched, the defendants must show (1) that they had a subjective expectation of privacy and (2) that society accepts that expectation as objectively reasonable. See United States v. Rheault, 561 F.3d 55, 59 (1st Cir. 2009) (citing Smith v. Maryland, 442 U.S. 735, 740 (1979)).

There is no doubt that, as owner of the vessel, defendant Amaro satisfies the first part of the expectation of privacy test. On the other hand, this court remains doubtful as to whether or not defendant Baez-Roman, as an overnight guest of defendant Amaro on the vessel, should be extended the protection of the Fourth Amendment, given that the visit was primarily commercial in nature. See Minnesota v. Carter, 525 U.S. 83 (1998) (taking into account the time spent in another's home, previous relationship with the owner, and other, non-commercial purposes for the visit in determining whether respondents could be considered overnight guests for purposes of standing to

**Crim. No. 08-378(GAG)**

allege an expectation of privacy over another's home under the Fourth Amendment); see also United States v. Cardona-Sandoval, 6 F.3d 15, 22 (1st Cir. 1993) (distinguishing "substantial vessels such as cargo ships and freighters" from "a small pleasure craft used for fishing" where both captain and crew had a reasonable expectation of privacy).  But even if both defendants had a subjective expectation of privacy, neither's expectations were objectively reasonable.  As noted in this court's previous ruling at Docket No. 111, in this case the disputed evidence was found in an extremely shrouded compartment of the vessel.  In United States v. Vilches-Navarrete, 523 F.3d 1 (1st Cir. 2008), the First Circuit determined that even though the captain of the vessel had a subjective expectation of privacy, it was not an objectively reasonable expectation where narcotics were found in a secret compartment because "society would not recognize a justifiable expectation of privacy in a hidden compartment created for the express purpose of hiding illicit contraband."  Id. at 14 (quoting United States v. Vilches-Navarrette, 413 F. Supp. 2d 60, 73-74 (D.P.R. 2006)).  The court cited an Eleventh Circuit case, which reasoned that "[a] secret compartment constructed within the confines of the hull of a ship is totally unlike a personal dufflebag or footlocker in terms of the uses to which it may be put, and the expectations of exclusive control to which it gives rise.  We cannot imagine that society would recognize as reasonable the use of 'dead space' in the hull of a ship, sealed with permanent material and disguised in appearance, for the legitimate storage of personal items."  United States v. Sarda Villa, 760 F.2d 1232, 1237 (11th Cir. 1985).  Since neither defendant can allege an objectively reasonable expectation of privacy over the secret compartment in which the drugs were found, they have failed to establish standing to claim Fourth Amendment protection.

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of July, 2009.

*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge

2